UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM ARNOLD, | : | |
|     Plaintiff | : | PRISONER |
| | : | CASE NO. 3:11-cv-1343 (VLB) |
| v. | : | |
| | : | |
| DAVID BUCK, et al., | : | November 17, 2011 |
|     Defendants | : | |

### ORDER TO DISMISS ALL EIGHTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAIMS, TO RESPOND TO THE PLAINTIFF'S COMPLAINT, TO MAKE SERVICE, ETC.

The plaintiff, currently incarcerated at MacDougall-Walker Correctional Center in Suffield, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He seeks damages from defendants Meriden Police Officers David Buck and Jeffrey Salander. The plaintiff asserts claims of use of excessive force, denial of his rights under the Eighth and Fourteenth Amendments and various state law claims.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). See also Mikinberg v. Baltic S.S. Co., 988 F.2d 327, 330 (2d Cir. 1993); Abbas v. Dixon, 480

F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.  But "'[a] document filed <u>pro se</u> is 'to be liberally construed' and a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (*quoting* <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1997), c.f. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice.")).  *See also* <u>Boykin v. KeyCorp</u>, 521 F.3d 202, 214 (2d Cir. 2008).

The plaintiff alleges that, on November 27, 2009, the defendants used excessive force against him by tasering and shooting him.  As a result of the incident, the plaintiff states that he was in a coma until January 2010.

Claims that law enforcement officers used excessive force in the course of an arrest, investigatory stop or other pre-arraignment seizure are analyzed under the Fourth Amendment's prohibition against unreasonable seizures of the person. See <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1986) (holding, "that *all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should

**2**

be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach.") (emphasis in original); Powell v. Gardner, 891 F.2d 1039, 1044 (2d Cir. 1989) (Fourth Amendment standard applies through time of arraignment or formal charge).  The Eighth Amendment protection against cruel and unusual punishment applies only after conviction.  Whitley v. Albers, 475 U.S. 312, 318 (1986) (quoting Ingraham v. Wright, 430 U.S. 651, 671 n.40 (1977)).

The incidents underlying this action concern the plaintiff's arrest.  Thus, the Eighth Amendment and substantive due process clause of the Fourteenth Amendment afford the plaintiff no protection.  All claims brought for violation of the Eighth Amendment and any Fourteenth Amendment due process claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed on the Fourth Amendment claim for excessive force and the supplemental state law claims.

The plaintiff does not indicate in his complaint whether he has named the defendants in their individual or official capacities.  A section 1983 claim against a municipal employee in his official capacity is treated as a claim against the municipality itself.  See Patterson v. County of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004).  Thus, if the plaintiff has stated a cognizable municipal liability claim, the court will order the complaint served on the defendants in both individual and official capacities.

In Monell v. Department of Social Services, 436 U.S. 658 (1978), the

Supreme Court set forth the test for municipal liability. "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Id. at 690-91. The municipality may be liable for allegedly unconstitutional acts of a municipal employee if the plaintiff was subjected to the denial of his constitutional rights as a result of an official policy or custom. See Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995). A municipality cannot be held liable under section 1983 solely on a theory of respondeat superior. See Monell at 694-95. There must be "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

The plaintiff has not alleged any facts supporting an official policy or custom. The complaint describes only one incident. Accordingly, the complaint will proceed against the defendants in their individual capacities only.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)   All Eighth Amendment and Fourteenth Amendment due process claims are DISMISSED pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(i).

(2)   The Pro Se Prisoner Litigation Office shall mail waiver of service of process

request packets to defendants Buck and Salander at the Meriden Police Department, 50 West Main Street, Meriden, CT 06451.  The packets shall be mailed within fourteen (14) days of this Order.  The Pro Se Prisoner Litigation Office shall report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing.  If either defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They also may include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to

a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: November 17, 2011.