# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

WILLIAM ARNOLD,         :
      Plaintiff,      :
                      :
   v.                :       CASE NO. 3:11-cv-1343 (VLB)
                      :
DAVID BUCK, et al.,      :
      Defendants    :

## RULING ON PENDING MOTIONS

On November 18, 2011, the court dismissed all Eighth and Fourteenth Amendment claims against the defendants and determined that the case would proceed on the plaintiff's Fourth Amendment claim for use of excessive force and supplemental state law claims.  The plaintiff now has filed four motions: a motion for evaluations and continuousness, a motion to strike the order dismissing claims and two motions to amend his complaint.  In addition, the defendants have filed a motion for nonsuit.

## I. Motion for Evaluations and Continuousness [Doc. #24]

The plaintiff states that he was denied his legal materials from October 2011 through January 2012.  In addition, he states that he has been under medications that interfere with his ability to make decisions regarding this case.

The plaintiff's motion was signed in February 2012, but not received by the court until April 2012.  He seeks an extension of time, but does not indicate any deadline that he was unable to meet.

To the extent that the plaintiff seeks review of any decision that the court has made in this case since October 2011, the request is denied.  The plaintiff has not identified any decision that might have been affected by the circumstances he describes.  In addition, the procedural method for seeking reconsideration requires a filing within fourteen(14) days of the Court's ruling and requires a showing of particular causes.  Plaintiff's motion is both untimely and insufficient on its face. D.Conn.L.R. 7(c)

To the extent that the plaintiff seeks to stay this case indefinitely until he deems himself sufficiently able to prosecute his claims, the request also is denied.  The plaintiff must demonstrate good cause to stay the proceedings.  See Thomas v. New York City Dep't of Educ., No. 09-CV-5167(SLT), 2010 WL 3709923, at *2-3 (E.D.N.Y. Sept. 14, 2010).  The plaintiff has filed no evidence demonstrating the mental incapacity he claims.  In addition, the plaintiff recently filed four motions.  The motions are clearly written and contain case citations.  The court concludes that the plaintiff does not appear incapable of prosecuting this action.

## II. Motion to Strike [Doc. #26]

In this motion, the plaintiff seeks reconsideration of the court's order dismissing his Eighth and Fourteenth Amendment claims.  The Second Circuit

2

has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted) see also D.Conn.L.R. 7(c).

In his motion, the plaintiff acknowledges that claims for use of excessive force during the course of an arrest, the factual situation here, are analyzed under the Fourth Amendment and not the Fourteenth Amendment.  His reference to Johnson v. Glick, 481 F.2d 1028, 1032 (2d Cir. 1973), is unavailing.  That case holds that claims for use of excessive force are cognizable whether the victim is an arrestee, pretrial detainee or convicted prisoner.  It does not alter the constitutional provisions under which the claims may be asserted by a particular class of victims.

The plaintiff has not identified any law overlooked by the court in reaching its decision.  Accordingly, the plaintiff's motion is denied.


### III. Motions to Amend [Docs. ##27, 28]

In his first motion, the plaintiff seeks leave to assert claims against the defendants in their official capacities as well as their individual capacities.  In the second motion, the plaintiff seeks to add the Town of Meriden as a defendant and attaches a proposed amended complaint.

3

The proposed amended complaint contains pages from the complaint form interspersed with copies of documents purportedly filed in the plaintiff's criminal cases or summarizing information relating to those cases. The plaintiff includes the same description of his encounter with the defendants that resulted in the alleged use of excessive force and adds allegations that, while he was hospitalized after coming out of a coma, defendant Buck and another police officer pointed their guns at him when he got up from his hospital bed to retrieve a pair of scissors. In the proposed amended complaint, the plaintiff identifies his claims for relief as procedural due process, improper investigatory stop, warrantless arrest, and use of excessive force. The court already has ordered service of the complaint regarding the excessive force claim. The court now considers the other claims the plaintiff wishes to add to this action.

The plaintiff states in his motion that he wants to amend to add claims against the city for failure to train and denial of constitutional rights as a result of official policies or customs. The defendants argue that these claims do not appear in the proposed amended complaint. The only reference is the plaintiff's allegation, on page 13 of the proposed amended complaint, that defendant Buck pointed his gun at the plaintiff in the plaintiff's hospital room. The plaintiff argues that he now has presented a second incident of use of excessive force to constitute a municipal policy or custom. The plaintiff's argument is without merit.

As the court previously explained, a municipality cannot be held liable under section 1983 solely on a theory of respondeat superior. The plaintiff must

4

identify "a direct causal link between a specific municipal policy or custom , and the alleged constitutional deprivation."  City of Canton v. Harris, 489 U.S. 378, 385 (1989).  The claim must be founded on particularized facts alleged in a complaint.  Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009).  The court previously determined that the plaintiff had not identified a municipal policy or custom regarding the November, 2009 incident.  The fact that defendant Buck drew his weapon in response to the plaintiff getting up from his hospital bed and reaching for scissors, does not alter that fact.  No weapons were discharged and the plaintiff was not harmed.  The court concludes that the plaintiff has not alleges facts demonstrating a municipal policy or custom relating to use of excessive force.  Thus, his requests to add the City of Meriden as a defendant and to have defendants Buck and Selander served in their official capacities are denied.

The plaintiff argues that his arrest and stop were improper because the defendants did not follow proper procedures.  Any challenge to the plaintiff's arrest or stop is premature.  The plaintiff's criminal cases are on-going.  See Case Nos. NNH-CR10-0256588-T and NNH-CR10-0250589-T.  Any claims regarding false arrest or an improper investigatory stop are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  The plaintiff should assert these claims in the criminal proceedings.

In addition, in his prayer for relief, the plaintiff refers to Eighth and Fourteenth Amendment claims.  The court dismissed these claims in the prior order.  The references in the prayer for relief do not revive the Eighth and Fourteenth Amendment claims.

5

### IV. Motion for Nonsuit [Doc. #25]

In this motion, which the court construes as a motion to compel, the defendants state that the plaintiff has not responded to their first set of interrogatories and requests for production.  They attach to their motion a letter from the plaintiff explaining that he was unable to respond in a timely manner because he was under medications that affected his mental abilities in November and December 2011 and did not have access to his legal materials.  He states in the letter that he will respond to all outstanding discovery by the end of April 2012.

The defendants filed this motion on April 16, 2012.  In light of the plaintiff's statement, the motion is denied as moot.  If, however, the plaintiff has not responded to the discovery requests, he shall do so no later than July 31, 2012.

### V. Conclusion

The plaintiff's motions for evaluations and continuousness [doc. #24] and to strike [Doc. #26] are DENIED.  The plaintiff's motions to amend [Docs. ##27, 28] also are DENIED.  This case will proceed on the claims identified in the court's November 18, 2011 order.

The defendants' motion for nonsuit [doc. #25] is DENIED as moot without prejudice to refiling.  To the extent that the plaintiff has not, as agreed, responded to all outstanding discovery requests by April 30, 2012, he shall do so no later than July 31, 2012.

6

**IT IS SO ORDERED.**

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: July 9, 2012.**