UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM ARNOLD,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   CASE NO. 3:11-cv-1343 (VLB) |
| | : |
| DAVID BUCK, et al.,<br>    Defendants. | :<br>: |

### RULING ON PENDING MOTIONS

The defendants have filed motions to dismiss, for modification of the scheduling order and for an extension of time to respond to discovery. The plaintiff has filed motions for reimbursement and to strike the dismissal of amended claims.

### I. Motion to Dismiss [Doc. #44]

The defendants noticed the plaintiff's deposition for June 15, 2012. The plaintiff did not appear. Later, the plaintiff's attorney in his criminal case informed the defendants that the plaintiff will invoke his Fifth Amendment rights at any rescheduled deposition and refuse to answer any questions. The defendants did not reschedule the deposition. Rather, they move to dismiss the case for the plaintiff's failure to appear at his deposition.

Before the court will dismiss an action for failure to appear at a deposition,

the deponent must have been ordered by the court to appear and testify.  In addition, violation of the order must have been wilful or in bad faith, not unintentional.  See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986).  As there has been no such order entered in this case, the defendants' motion to dismiss is denied as premature.

In anticipation of the plaintiff's invocation of his Fifth Amendment privilege at any rescheduled deposition, however, the court will address the issue.  Federal discovery ruled entitle the defendants to obtain discovery regarding any nonprivileged matter that is relevant to any claims or defense.  Fed. R. Civ. P. 26(b)(1).  The Fifth Amendment privilege may be invoked in any criminal or civil proceeding.  See Kastigar v. United States, 406 U.S. 441, 444 (1972).  The privilege applies only to statements which would give rise to criminal sanctions.  See United States v. Ward, 448 U.S. 242, 248 (1980).

Whether the privilege was properly invoked cannot be determined in a vacuum.  That determination can be made only in the context of the propounded question.  See Estelle v. Smith, 451 U.S. 454, 462 (1981) (availability of Fifth Amendment privilege turns on nature of the statement and the exposure it invites).  If the Fifth Amendment applies, sanctions that would make use of the privilege "costly" may not be imposed because such sanctions would effectively destroy the right to remain silent.  See Spevack v. Klein, 385 U.S. 511, 515 (1967).  Thus, although the plaintiff does not have an absolute right to both his silence and his civil lawsuit, the defendants do not have a right to dismissal of the case merely because the plaintiff invoked his constitutional right.  Dismissal is

appropriate only where there are no other less burdensome means of preventing unfairness to the defendants.  See <u>Wehling v. Columbia Broadcasting System</u>, 608 F.2d 1084, 1088 (5th Cir. 1979).

Accordingly, the plaintiff is ordered to appear at any rescheduled deposition and answer any questions that do not fall within the Fifth Amendment privilege.  If the defendants determine that the plaintiff is improperly invoking his Fifth Amendment privilege, they may seek a ruling from the court during the deposition or refile there motion along with a copy of the deposition transcript to enable the court to assess whether the privilege was properly invoked.  See <u>Yladic v. Hamann</u>, No. 00 C 6739, 2002 WL 726738, at * 1-2 (N.D. Ill. Apr. 24, 2002) (dismissal of civil action may be proper where plaintiff abuses both the discovery process and the use of the Fifth Amendment).

## II. Motion for Modification of Scheduling Order [Doc. #45]

In light of the plaintiff's refusal to be deposed, the defendants move for modification of the scheduling order.  They ask that the court order the plaintiff to appear for deposition within thirty days of the court's order and that any motion for summary judgment be filed within thirty days of the deposition.  The defendants' motion is granted.

## III. Motion for Reimbursement [Doc. #46]

The plaintiff asks the court to order the defendants to reimburse him for copies of documents he has produced during discovery in this case.  He also

specifically references extensive medical records and asks the court to direct the defendants to supply him with a medical authorization to enable them to obtain copies of his medical records.

Rule 34(a), Fed. R. Civ. P., permits any party to serve a request that documents be produced for inspection and copying. The rule does not require that copies of all requested documents be provided to the requesting party at the expense of the providing party.  See 7 Moore's Federal Practice § 34.13[5] at 34-92 (2011) (citing Clever View Investments, Ltd. v. Oshatz, 233 F.R.D. 393, 394 (S.D.N.Y. 2006) (producing party bears cost of making documents available for inspection and copying but reproduction is not necessarily required)).  Thus, the plaintiff is not required to pay the cost of producing a copy of voluminous medical records.  The plaintiff's request that the defendants provide him a medical authorization that will enable them to obtain the copies they require is granted.

Regarding the plaintiff's request that the defendants pay for documents already provided, the court has informed the plaintiff that his in forma pauperis status, does not authorize payment of discovery expenses by the defendants.  See Doc. #36.   Accordingly, this request is denied.

### IV. Motion to Strike Dismissal of Amended Claim [Doc. #47]

Although captioned as a motion to strike, the plaintiff seeks reconsideration of the court's prior ruling denying leave to amend.  Thus, the court considers the motion as a motion for reconsideration.

The court denied the plaintiff's motion for leave to amend on July 9, 2012. The time for filing a motion for reconsideration is fourteen days. D. Conn. L. Civ. R. 7(c)1. Thus, the plaintiff should have filed this motion on or before July 23, 2012. Prisoner documents are considered filed on the day the prisoner gives the document to prison officials for mailing. See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (prisoner petitions are considered filed as of the date the prisoner gives the petition to correctional staff for mailing). The plaintiff certifies that he mailed his motion on August 8, 2012, sixteen days too late. The plaintiff's motion is denied as untimely filed.

Further, even if the motion were timely, relief should be denied. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to relitigate an issue the court already has decided. See SPGGC, Inc. v. Blumenthal, 408 F. Supp. 2d 87, 91 (D. Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 183 (2d Cir. 2007). The plaintiff cannot seek reconsideration to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal quotation marks and citations omitted). The plaintiff has not met this standard. He is attempting, in general terms, to correct deficiencies in his motion to amend by referring to other unidentified cases filed against the Meriden Police Department. This is not the proper use of a

motion for reconsideration.

### V. Motion for Extension of Time [Doc. #49]

The defendants seek an extension of time, until September 18, 2012, to respond to the plaintiff's interrogatories and requests for production.  The defendants previously were granted an extension of time, until August 19, 2012, to respond to these same requests.

Although the defendants state that the additional time is required to coordinate the information required to formulate their responses, they do not explain why the previous extension was insufficient for this purpose.  The defendants' motion is granted.  However, no further extensions of time will be permitted.

### VI. Conclusion

The defendants' motion to dismiss [Doc. #44] is DENIED as premature.  The plaintiff is ordered to appear at any rescheduled deposition and answer any questions that do not fall within the Fifth Amendment privilege.   The defendants' motion for modification of the scheduling order [Doc. #45] is GRANTED.  All discovery shall be completed within thirty days from the date of this order and any motions for summary judgment will be filed within thirty days thereafter.

The plaintiff's motion for reimbursement [Doc. #46] is GRANTED only to the extent that the plaintiff shall provide the defendants a signed authorization to

enable them to obtain the requested medical records.

The plaintiff's motion to strike the dismissal of his amended claim [Doc. #47] is construed as a motion for reconsideration and DENIED as untimely filed.

The defendants' motion for extension of time [Doc. #49] is GRANTED.  The defendants shall respond to the plaintiff's discovery requests on or before September 18, 2012.  No further extension of time to respond to these discovery requests will be granted.

                    IT IS SO ORDERED.

                    Vanessa L. Bryant
                    United States District Judge

Dated at Hartford, Connecticut: August  30, 2012.