UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM ARNOLD,<br>　　　Plaintiff,<br><br>v.<br><br>DAVID BUCK, et al.,<br>　　　Defendants. | :<br>:<br>:<br>:  CASE NO. 3:11-cv-1343 (VLB)<br>:<br>:<br>: |

### RULING ON PENDING MOTIONS

Pending are the plaintiff's motion for court order and motion for order compelling discovery and the defendants' motion for extension of time to respond to discovery requests.

### I. Motion for Court Order and Motion for an Order Compelling Discovery

The plaintiff has filed a motion to compel the defendants to respond to his April 2012 discovery requests and also seeks a court order that they respond to the requests.

Motions to compel discovery are governed by Rule 37 of the Federal Rules of Civil Procedure and the District of Connecticut Local Civil Rules. The local rule requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and

1

specifying which issues were resolved and which remain.

In addition, Rule 37(b)1 requires that any discovery motion be accompanied by a memorandum of law "contain[ing] a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." Copies of the discovery requests must be included as exhibits.

In opposition, the defendants note that the plaintiff has not complied with any of these requirements. The plaintiff's motion to compel and motion for court order are denied.

## II. Motion for Extension of Time

The defendants seek an extension of time, until November 17, 2012, to respond to the plaintiff's September 17, 2012 discovery requests. In opposition, the plaintiff states that no extension should be granted as the defendants have had since April 2012 to respond to his discovery requests and the court stated on September 2, 2012, that no further extensions would be required. The defendants seek an extension to respond to discovery requests served by the plaintiff after the conference with the court. As these requests had not yet been served, the court's statement does not apply to the September 17, 2012 requests.

The deadline for filing dispositive motions in this case is October 30, 2012. If the defendants' motion is granted in full, the plaintiff will not have the requested discovery in sufficient time to respond to the motion. Accordingly, the

2

defendants' motion is granted in part. The defendants shall serve their responses to the September 17, 2012 discovery requests on or before October 30, 2012.

### III. Conclusion

The plaintiff's motion for court order [Doc. #62] and motion to compel discovery [Doc. #63] are DENIED without prejudice for failure to comply with the requirements of Local Rule 37.

The defendants' motion for extension of time [Doc. #64] is GRANTED in part. The defendants shall respond to the plaintiff's September 17, 2012 discovery requests on or before November 9, 2012.

The deadline for filing dispositive motions remains October 30, 2012.

IT IS SO ORDERED.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: November 5, 2012.